1  Gary W. Bethel, Bar No. 117547
   gbethel@littler.com
2  Jason H. Borchers, Bar No. 199120
   jborchers@littler.com
3  Andrew H. Woo, Bar No. 261120
   awoo@littler.com
4  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue
5  Suite 302
   Fresno, California 93704.2225
6  Telephone: 559.244.7500
   Fax No.:    559.244.7525
7
8  Attorneys for Defendants
   SOUTHERN TIRE MART, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NISBET, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TIRE MART, LLC a Mississippi Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>Trial Date: None Set<br>Complaint Filed: September 30, 2024 |

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOSHUA NISBET AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant SOUTHERN TIRE MART, LLC ("Defendant") removes to this Court the state court action described herein. Defendant removes the above captioned action from the Superior Court of the State California for the County of Santa Clara. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because: (a) it is a civil class action; (b) there is diversity between at least one class member and Defendants; (c) the proposed class contains at least 100 members; (d) Defendants are not a state, state official, or other governmental entity; and (e) the total amount in controversy for all class members exceeds $5,000,000.

I.   PLEADINGS, PROCESS, AND ORDERS

1.   On or about September 30, 2024, Plaintiff JOSHUA NISBET ("Plaintiff") filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of California for the County of Santa Clara, entitled JOSHUA NISBET v. SOUTHERN TIRE MART, LLC, et al., Case No. 24CV448451 (the "State Court Action"). A true and correct copy of the Complaint is attached to the Declaration of Andrew H. Woo ("Woo Decl.") at paragraph 2, Exhibit A.

2.   Plaintiff's Complaint raises eight causes of action for 1) Failure to Pay All Minimum Wages, 2) Failure to Pay All Overtime Wages, 3) Meal Period Violations, 4) Rest Period Violations, 5) Wage Statement Violations, 6) Waiting Time Penalties, 7) Failure to Reimburse Necessary Business Expenses, and 8) Unfair Competition.

3.   Plaintiff alleges that Defendant failed to properly pay Plaintiff and other non-exempt employees all wages owed for all time worked. (Compl. ¶ 19.)

4.   Plaintiff alleges that Defendant failed to pay Plaintiff and other non-exempt employees at the correct overtime rate for hours worked in excess of eight hours

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

per shift. (Compl. ¶ 19.)

5. Plaintiff alleges that Defendant denied Plaintiff and other non-exempt employees compliant and timely 30-minute off-duty meal periods. (Compl. ¶ 22.)

6. Plaintiff alleges that Defendant denied Plaintiff and other non-exempt employees compliant 10-minute rest periods for every four hours worked, or a major fraction thereof. (Compl. ¶ 25.)

7. Plaintiff alleges that Defendant failed to provide Plaintiff and other non-exempt employees with accurate itemized wage statements. (Compl. ¶ 28.)

8. Plaintiff alleges that Defendant failed to provide Plaintiff and other former non-exempt employees all wages owed at the time of separation. (Compl. ¶ 31.)

9. Plaintiff alleges that Defendant required Plaintiff and other former non-exempt employees to incur necessary expenses for work-related purposes but did not reimburse those employees for those expenses. (Compl. ¶ 32.)

9. Plaintiff seeks to represent a class defined as "All current or former non-exempt hourly employees who work or worked for Defendant in California during the four years immediately preceding the filing of the Complaint through the date of trial." (Compl. ¶ 25.)

10. True and correct copies of the filings in state court, including 1) the September 30, 2024 Complaint, 2) the September 30, 2024 Civil Case Cover Sheet, 3) the September 30, 2024 Summons, 4) the October 4, 2024 Proof of Service, and 5) Defendant's Answer, as well as the docket for the state court action are attached to the Declaration of Andrew H. Woo at paragraphs 2-7, Exhibits A-F.

11. Defendant was served with the Complaint and Summons on November 4, 2024. (See Woo Decl., ¶ 3, Ex. C.)

12. On November 4, 2024, prior to removal, Defendant filed an answer to Plaintiff's Complaint in the Superior Court of the State of California for the County of Santa Clara. A true and correct copy of Defendants' answer is attached to the

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

3

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

Declaration of Andrew H. Woo at paragraph 6, Exhibit E.

13. Other than the court proceedings and documents attached to the Declaration of Andrew H. Woo as Exhibits A through F, Defendant is not aware of any further proceedings or filings regarding this case in Santa Clara County Superior Court.

## II. VENUE

14. This action was filed in Santa Clara County Superior Court. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391(a), and 1441(a). Venue is also proper because jurisdiction is based on CAFA, and the action may be venued in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. § 1391(b).

## III. DEFENDANT'S REMOVAL IS TIMELY

15. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely in that it has been filed by Defendants within thirty (30) days after Defendants were served with the Complaint.[1] (See Woo Decl. ¶ 3.) Defendants were served on October 4, 2024.

## IV. STATEMENT OF CAFA JURISDICTION

16. Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1441 and 1446.

---

[1] Per Federal Rule of Civil Procedure 6(a)(1)(C).

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

4

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

17. As set forth below, this Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because: (a) it is a civil class action; (b) there is diversity between at least one class member and Defendants; (c) the proposed class contains at least 100 members; (d) Defendants are not a state, state official, or other governmental entity; and (e) the total amount in controversy for all class members exceeds $5,000,000.

### A. This is a Class Action

18. This action has been styled as a class action pursuant to California Code of Civil Procedure § 382. (Compl., ¶¶ 33-40.) Section 382 is a California statute authorizing an action to be brought by one or more representative persons as a class action, similar to Federal Rule of Civil Procedure 23

### B. Diversity of Citizenship

19. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which at least one of the defendants is not a citizen. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

20. Plaintiff resided and worked in California during the period relevant to their lawsuit. (Compl., ¶¶ 9, 16.) Plaintiff is, therefore, a citizen of the State of California. See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).

21. Defendants Southern Tire Mart, LLC is a limited liability company.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

5

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

22. Defendant Southern Tire Mart, LLC has two members: the Thomas Milton Duff individual trust and the James Ernest Duff individual trust. (Decl. of Richard F. Yarborough Jr. in Supp. Of Def.'s Not. Of Removal of Civil Action to Fed. Ct. ("Yarborough Decl."), ¶ 3.) Both trusts were formed in the State of Mississippi, and have been citizens of Mississippi at all times relevant to this action. (Yarborough Decl., ¶ 3.) The trustee of the Thomas Milton Duff individual trust is Thomas Milton Duff, and the trustee of the James Ernest Duff individual trust is James Ernest Duff, and both Thomas Milton Duff and James Ernest Duff are residents of the State of Mississippi. (Yarborough Decl., ¶ 3.)

23. For purposes of diversity jurisdiction, a limited liability company is a citizen of all of the states of which its partners are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 898 (9th Cir. 2006). A trust has the citizenship of its trustees. Id. at 899.

24. Accordingly, Defendant Southern Tire Mart, LLC is deemed a citizen of the State of Mississippi.

25. Accordingly, Plaintiff, a citizen of California, is a citizen of a state in which Defendant Southern Tire Mart, LLC is not a citizen. Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**C.     The Proposed Class Contains at Least 100 Members**

26. Plaintiff defines the class as "All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint until final judgment." (Compl. ¶ 25.)

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

6

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

27. The total number of individuals who worked for Defendant as nonexempt employees in the State of California, within four years prior to the filing of Plaintiff's Complaint (September 30, 2024) is at least 571. (Yarborough Decl., ¶ 5.) Thus, the putative class is well over the 100-person minimum required for CAFA jurisdiction.

### D. Defendants Are Not a Governmental Entity

28. Defendant is not a state, state official, or other governmental entity. (Yarborough Decl., ¶ 15.)

### E. Amount in Controversy for CAFA Jurisdiction

29. Plaintiff's Complaint is silent with respect to the amount in controversy for themselves and the putative class in the aggregate. Under CAFA, where a complaint fails to state the amount in controversy, the defendant's notice of removal may do so: "…when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. at 554.

30. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe, if anything. Lewis v. Verizon Comm., Inc., 627 F. 3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

dispute, not a prospective assessment of defendant's liability.") (emphasis added); Schiller v. David's Bridal, Inc., 2010 WL 2793650, *6, *27-28 (E.D. Cal. 2010) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy, but rather the amount put in controversy by the plaintiff's complaint and holding plaintiff established $5 million amount in controversy for purposes of CAFA); Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2009) ("a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages'" and so would not concede plaintiff's allegations through removal) (citations omitted); Ibarra v. Manheim Investments, Inc., 775 F. 3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.").

31. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from Plaintiff's claims. However, for purposes of removal only, and without conceding that Plaintiff or the putative class are entitled to any damages, penalties, or other relief, it is readily apparent that the aggregated claims of the putative class an amount in controversy in excess of the jurisdictional minimum of $5,000,000.00, as required by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).[2]

32. Plaintiff seeks to recover damages associated with their claims of unpaid overtime and unpaid minimum wages. See Cal. Labor Code §§ 510, 1182.12, 1194, 1197, 1197.1, 1198; see also Complaint, ¶¶ 43-51.

33. The Supreme Court of California has held that the statute of

---

[2] Per Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014), Defendants need only provide allegations that plausibly support the conclusion that the jurisdictional requirements for removal have been met, and need not submit evidence with a notice of removal. The allegations in this notice of removal provide a rough estimate of the amount in controversy in order to demonstrate that the jurisdictional minimum has been met. Per Dart Cherokee, Defendants possess the right to supplement these allegations with additional and more specific evidence of the amount in controversy if Plaintiffs challenge removal.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

8

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

limitations for unpaid wages is three years, extended to four when unpaid wages are sought pursuant to a claim under California's Unfair Competition Law. Cortez v. Purolator Air Filtration Products, Co., 23 Cal.4th 163, 178-79.

34. From September 30, 2020 through present, approximately 309,925 shifts were worked. (Yarborough Decl., ¶ 13.)

35. For purposes of removal, Defendant assumes that approximately 15 minutes of uncompensated work is performed on each shift. This is based upon the allegations in Plaintiff's Complaint, wherein Plaintiff alleges that Defendant "consistently failed to accurately record and pay for all time worked…" which "included a policy and practice of failing to properly record non-exempt employees' time worked, including all time spent working off the clock." (Compl. ¶ 18.)

36. Given 309,925 shifts, and 15 minutes of uncompensated work per shift, and an average hourly rate of $23.00 per hour (Yarborough Decl., ¶ 14), the amount placed in controversy by Plaintiffs' minimum wage and overtime claims is, at a minimum, $1,782,068.75[3]. The actual amount in controversy with respect to overtime claims would exceed this estimate, as it assumes all unpaid hours are paid at non-overtime rates, when it would be paid at overtime rates. (See Compl. ¶ 21.)

37. Plaintiff also seeks to recover damages stemming from the failure to provide meal breaks and the failure to provide rest breaks. (See Compl. ¶¶ 22-28.) Pursuant to the applicable IWC Wage Order and California Labor Code, Plaintiff seeks to recover one additional hour of pay at their regular rates of pay for each work day that required a meal period and a meal period was not provided. (See Compl., ¶ 23, 26.) Plaintiff also seeks to recover one additional hour of pay at their regular rates of pay for each work day that required a rest period and a rest period was not provided. (See Compl., ¶ 53-61.)

38. The Supreme Court of California has held that the statute of limitations on actions for missed rest periods is three years, Murphy v. Kenneth Cole

---

[3] 309,925 shifts x 0.25 hours x $23.00 average hourly rate

Productions, Inc., 40 Cal.4th 1094, 1114 (2007), expanded to four years via Plaintiffs' claim for unfair competition, see Cortez v. Purolator Air Filtration Products Co., 23 Cal.4th 163, 177-78 (claims for wages unlawfully withheld can be recovered in an unfair competition law claim, with its four year statute of limitations).

39. For purposes of removal only, Defendant assumes each putative class member is entitled to recover for unprovided meal breaks and unprovided rest breaks.

40. Given 309,925 shifts and an average hourly rate of $23.00 per hour, the amount in controversy for Plaintiff's unprovided meal break claim is $7,128,275.00[4].

41. The amount in controversy for Plaintiff's unprovided rest break claim would also be estimated to be at least $7,128,275.00, since the rest break premium is the same amount as the meal break premium.

42. Plaintiff also seeks to recover penalties under California Labor Code section 226(a) for the alleged failure to furnish accurate, itemized wage statements. California Labor Code section 226(e) provides a penalty of "actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."

43. The statute of limitations on actions under Labor Code section 226 is one year. See Cal. Civ. Proc. Code § 340(a); Blackwell v. SkyWest Airlines, Inc., 245 F.R.D. 453, 462 (S.D. Cal. 2007) (recovery under Labor Code § 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under Code of Civil Procedure § 340(a)).

44. For purposes of removal only, Defendant assumes each putative class member is entitled to recover for violations in each pay period within the statute of limitations (September 30, 2023 to the present) as alleged by Plaintiffs in the

---

[4] 309,925 shifts x $23.00 average hourly rate

complaint. (See Complaint, ¶¶ 62-67.)

45.  Hourly employees worked 20,927 pay periods between September 30, 2023 to the present. (Yarborough Decl., ¶ 12.) Accordingly, the amount in controversy for Plaintiff's wage statement claim is approximately $2,064,150.[5]

46.  Plaintiff seeks to recover waiting time penalties on behalf of former employees under the theory that terminated employees were not timely paid all wages owed upon discharge. See Cal. Labor Code §§ 201, 202; see also Complaint, ¶¶ 68-73. Plaintiff seeks recovery of the penalty established by California Labor Code section 203, which provides that the wages of such employees "…shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

47.  The Supreme Court of California has held that the statute of limitations on actions for waiting time penalties is three years. Pineda v. Bank of America, N.A., 50 Cal.4th 1389, 1398-1401 (2010).

48.  Within the statute of limitations period (September 30, 2021 to present), approximately 221 hourly employees working in California have been discharged from their employment with Defendant. (Yarborough Decl., ¶ 5.)

49.  For purposes of removal, Defendant assumes that each of the 221 putative class members who have been terminated from employment is entitled to recover waiting time penalties for 30 days at the same daily rate they earned while employed. Assuming the average hourly rate of $23.00 per hour, the aggregate amount of penalties in controversy would be $1,219,920.00.[6]

50.  Plaintiffs also seek attorneys' fees. See, e.g., Complaint, pp. 20-22. Attorneys' fees must be included when assessing the amount in controversy for removal purposes. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees awards in California wage and hour class actions can total hundreds of

---

[5] 571 pay periods paid at the $50 penalty for each active employee, and the remaining 20,356 pay periods paid at the $100 penalty. (571 x $50) + (20,356 x $100)
[6] $23.00 per hour x 8 hours per day x 30 days x 221 employees

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

thousands of dollars or more.  See, e.g., Willner v. Manpower Inc., 2015 U.S. Dist. LEXIS 80697, at *30 (N.D. Cal. June 20, 2015) (awarding $2.625 million in attorneys' fees in class action involving allegations that employer failed to provide accurate wage statements and timely wage payments in violation of the California Labor Code on behalf of class of 20,000 temporary workers); Pellegrino v. Robert Half Int'l, Inc., 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in case involving wage statement and exemption misclassification claims, but reversing as to multiplier); Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class action involving alleged wage statement violations and violations of a living wage ordinance, unfair competition and contract claims); Jasso v. Money Mart Express, Inc., 2012 U.S. Dist. LEXIS 27215 (N.D. Cal. Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees.").  The Court should therefore consider attorneys' fees of at least $500,000 as part of the amount in controversy.

51.     Plaintiff's claims for unpaid wages, meal period premiums, rest period premiums, wage statement violations, and waiting time penalties, place at least the following amounts in controversy:

| | | |
|---|---|---|
| a. | Unpaid Wages: | $1,782,068.75 |
| b. | Meal Period Premiums: | $7,128,275.00 |
| c. | Rest Period Premiums: | $7,128,275.00 |
| d. | Wage Statement Violations: | $2,064,150.00 |
| e. | Waiting Time Penalties: | $1,219,920.00 |
| f. | Attorneys' Fees: | $500,000.00 |

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

12

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

Consideration of the above claims establishes an amount in controversy in excess of $19,822,688.75.[7]

## V. NOTICE TO PLAINTIFF AND THE STATE COURT

59. Promptly after filing this Notice of Removal in the United States District Court for the Eastern District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of such filing will be served on Plaintiff's counsel of record. (Woo Decl., ¶ 8.) In addition, a copy of the Notice of Removal will be promptly filed with the Clerk of the Court for Los Angeles County Superior Court. (Woo Decl., ¶ 9.)

## VI. CONCLUSION

WHEREFORE, having provided notice as required by law, Defendants request that the above referenced action be removed from the Los Angeles County Superior Court to this Court, that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action, and that this Court assume jurisdiction over this matter.

Dated: November 4, 2024

LITTLER MENDELSON, P.C.

/s/ Andrew Woo

Gary W. Bethel
Jason H. Borchers
Andrew H. Woo

Attorneys for Defendants
SOUTHERN TIRE MART, LLC

4870-6250-1877.1

---

[7] In light of *Dart Cherokee's* holding that Defendant need only provide plausible allegations relating to the amount in controversy, Defendant possess the right to supplement these allegations with additional and more specific evidence relating to the claims where estimates of the amount in controversy were provided, to the extent Plaintiff challenges removal. The claims discussed herein amply support the conclusion that the amount in controversy requirement is met in this case. Notably, the analysis set forth above only accounts for employees of Defendant SOUTHERN TIRE MART, LLC.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

13

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION